IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>   v.<br><br>JACK AMADEUS LASOTA,<br>   a/k/a "Andrea Phelps,"<br>   a/k/a "Ann Grimes,"<br>   a/k/a "Anne Grimes,"<br>   a/k/a "Canaris,"<br>   a/k/a "Julia Lasota," and<br>   a/k/a "Ziz,"<br><br>   **Defendant** | **CRIMINAL No. JKB-25-CR-176** |

### RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR SPEEDY TRIAL

The United States of America, by and through Kelly O. Hayes, United States Attorney for the District of Maryland, and undersigned counsel, hereby submits the following Opposition to Defendant's motion.

A federal grand jury charged Jack Amadeus LaSota ("LaSota") with possession of firearms and ammunition as a fugitive from justice on June 18, 2025. ECF 1. At this time – and since then – LaSota has been held in pretrial state custody pending a trial in Allegany County, Maryland. According to the Government's records, at the time of indictment, LaSota's state trial date was scheduled for August 13, 2025. However, this trial date was ultimately delayed. At the time of this filing, jury selection in LaSota's state trial is set to begin on December 1, 2025.

Defense counsel cites no authority for his claim that the Government is "thwarting" LaSota's speedy trial rights. Nor could he. The Speedy Trial Act does not yet apply since LaSota has not "appeared before a judicial officer of the court in which such charge is pending." 18 U.S.C. § 3161(c)(1). Moreover, since LaSota is a pre-trial detainee in a state proceeding rather than serving a term of incarceration, Section 3161(j) is not implicated either. *See* 18 U.S.C. § 3161(j)

(requiring the Government to obtain the presence of a prisoner if the Government "knows that a person . . . is *serving a term of imprisonment* in any penal institution" (emphasis added)).

Defense counsel likewise alleges no relevant facts that could implicate LaSota's constitutional speedy trial rights. The Supreme Court has explained that relevant factors in determining one's right to a speedy trial under the Sixth Amendment include "[l]ength of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." *Barker v. Wingo*, 407 U.S. 514, 530 (1972). The length of the delay is limited to approximately five months, the reason for the delay is out of respect for a parallel state judicial proceeding, the defendant's assertion of this right is recent, and the prejudice to the defendant is minimal given his state pre-trial detainee status.

Notwithstanding the lack of merit to defense counsel's motion, the Government and U.S. Marshal Service have worked to accommodate defense counsel's request by imminently scheduling an initial appearance and arraignment for LaSota on November 24, 2025, at 11:30 AM. Accordingly, based on the Government's conversations with defense counsel, the parties are agreed on the following plan: (1) LaSota will be brought to Baltimore on the morning of November 24 for an initial appearance and arraignment; (2) Following the hearing, LaSota will be returned

to Allegany County the same day. After this hearing, the parties will discuss whether the defendant wishes to toll the Speedy Trial Act or invoke his right to a speedy trial.

        Respectfully submitted,

        Kelly O. Hayes
        United States Attorney

        _____/s/_____
        Jared M. Beim
        Assistant United States Attorney
        36 South Charles Street, Fourth Floor
        Baltimore, Maryland 21201

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that a copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system.

                                                  /s/
                                       Jared M. Beim
                                       Assistant United States Attorney