IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA            *

v.                                  *         Crim. No.: JKB-25-176

ZIZ LASOTA                          *

*      *      *      *      *      *      *      *      *      *      *      *      *

REPLY TO GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO
CONTINUE THE SCHEDULED MOTIONS HEARING AND TRIAL

Defendant LaSota, by and through undersigned counsel, submits this Reply to the

Government's Response to LaSota's Motion to Continue the Motions Hearing and Trial (ECF

49). For the reasons that follow, the Court should grant Ms. LaSota's motion to continue the

scheduled motions hearing and trial in this matter until after the conclusion of the proceedings in

the Circuit Court for Allegany County.

PROCEDURAL HISTORY

The proceedings in this case were scheduled with the related state case in mind. Ms.

LaSota was charged in Allegany County on February 16, 2025, with trespassing on private

property in violation of Md. Crim. Code § 6-403, obstructing and hindering, and possession of a

handgun in a vehicle in violation of Md. Crim. Code § 4-203. She was denied bail on February

18, 2025. The district court charges against Ms. LaSota were dismissed on March 21, 2025, and

on March 19, 2025, she was charged via indictment in the Allegany County Circuit Court (Case

No. C-01-CR-25-000164) and made her initial appearance on that indictment on April 8, 2025.

In that indictment, she faced the same charges she faced in district court, plus an addition charge

of handgun on person, loaded handgun on person and in vehicle, possession of an assault weapon

in violation of Md. Crim. Code § 4-303, and conspiracy charges related to the possession of the

firearm. A jury trial was scheduled for August 13, 2025, but that indictment was dismissed on

1

August 5, 2025. On June 18, 2025, a different criminal indictment[1] was charged against Ms. LaSota in Allegany County which charged her with the same charges, but changed the Md. Crim. Code on the trespassing from § 6-403 to § 6-402, which alleged trespassing on posted property, and added the charges of possession of a controlled dangerous substance, and use of a firearm in relation to a drug trafficking crime. Ms. LaSota had her initial appearance on those charges on July 1, 2025. Ms. LaSota was also indicted in this above-captioned case on June 18, 2025. While the two current cases were indicted on the same date, Ms. LaSota's charges in Allegany County predate the federal charges by four months. Ms. LaSota had her initial appearance on her first state indictment seven months before her initial appearance in federal court.

Despite being indicted in federal court on the same date as the second indictment in Allegany County, the Government did nothing to expedite this matter before this Court. Counsel was not appointed until the Federal Public Defender had Ms. LaSota complete a financial affidavit. Ms. LaSota had an initial appearance before this Court on November 24, 2025, only after it was requested by defense counsel.

### ARGUMENT

The request for a continuance in this case is reasonable because of the delay in the state court proceedings. Ms. LaSota's initial request for a trial schedule was made with the assumption that she would be proceeding to trial in state court on February 1, 2026, for charges that arise out of the same incident as the charges in this case. Because of delays not attributable to Ms. LaSota, the motions hearing testimony in that case is incomplete and additional motions hearings and trial have been postponed.  Continuance is warranted for the purposes of judicial economy and the need for Ms. Zajko's testimony, which will only occur after the proceedings in state court.

---

[1] ECF 50.

Further, the Government was not in any rush to pursue this case until the conclusion of the state court. The Government did not intend to push this case to trial at the initiation of the case and now complains when counsel for Ms. LaSota seeks a warranted delay. This Court should grant the request for continuance in this case until the state court proceedings are concluded.

### A. Ms. LaSota's request for a Speedy Trial was made with the state case in mind

Ms. LaSota's state motions hearing was originally scheduled for January 15th and 16th, 2026. Due to family hospitalization emergencies from two officers related to Ms. LaSota's case, the January 15, 2026 motions hearing was cancelled and a hearing was scheduled for January 16, 2026. On January 16, 2026, the State Court was set to hear a Motion for Joint Discovery Sessions, Motion for Individual Voir Dire, and Michelle Zajko's Motion to Dismiss – not the larger Motion to Suppress Evidence Obtained on February 16, 2025. The Government cites to a video taken by a reporter of Ms. LaSota while entering the Allegany County Circuit Court on January 16, 2026 for the notion that Ms. LaSota is asserting violations of her speedy trial rights. That comment was made in passing. The state court judge cancelled the afternoon portion of the motions hearing because he was not feeling well.

The motions hearing for the Motion to Suppress in state court was then rescheduled for January 28-30, 2026. On January 28, 2026, Ms. Zajko discharged her counsel and a hearing on the Motion to Suppress was postponed until the next day. On January 29th, the full testimony was taken of three witnesses – James Broadwater, Dispatcher Bryan Crawford, and Trooper Jeffries, which the Government provided to the Court. On January 30th, 2026, the remaining witnesses were not called, and the judge allowed Ms. Zajko additional time to obtain counsel. Christopher Nieto entered his appearance on her behalf on February 5, 2026. *See* Exhibit 1. Following a

conference call, the state court issued a new order, scheduling three days for additional motions hearing for April 8-10, 2026, and a jury trial set to begin on June 1, 2026. ECF 44-1.

Ms. LaSota has done nothing to delay the state court matter. It was delayed because of postponements by the court and her co-defendant, Ms. Zajko obtaining new counsel. It was not delayed because of any action from Ms. LaSota.

While the Government cites to the right of a public interest in a speedy trial (ECF 49 at 4), there is no argument as to why a brief delay in this case would interfere with the public's interest in a speedy trial. The average length of time from filing to disposition in a criminal felony case in the District of Maryland was 20.7 months. *See* U.S. Courts, *U.S. District Courts – Combined Civil and Criminal Federal Court Management Statistics (December 31, 2025),* available at:

https://www.uscourts.gov/sites/default/files/document/fcms_na_distcomparison1231.2025.pdf

(last accessed Mar. 4, 2026). Indeed, in *United States v. Brooks*, 734 F. Supp. 3d 447 (D. Md. 2024) (Hollander, J.), while Judge Hollander acknowledged the public's interest in a speedy trial, she also found that the COVID-19 pandemic, efforts to reach a plea agreement, and *"*the pendency of*"* an additional case against the defendant meant that the delay in a trial "was not in derogation of the public's right to a speedy trial." *Id.* at 483. At the time of the *Brooks* opinion, the defendant had been pending trial for four years, which was found to be reasonable. *See also United States v. Lamborn,* 159 F.4th 230, 247 (4th Cir. 2025) (finding a delay of eighteen-months and eight-months were not per se unreasonable), *United States v. Vasquez,* 918 F.2d 329, 334 (2d Cir. 1990)(finding a delay of twenty-two months was reasonable). Here, where it has been four months since Ms. LaSota had her initial appearance and where additional charges are pending

against her in the Circuit Court for Allegany County, the public's interest in a speedy trial is not implicated.

### B. The state trial is unlikely to be delayed further

Ms. LaSota acknowledges that there have been delays in the trial in Allegany County. This has been related in large part to the defendants not having access to discovery or ability to meet for their joint defense. Steps have been taken which allow more regular meetings of co-defendants, which assure that the case will move forward.[2]   Counsel has spoken with state counsel for both Ms. Zajko and Ms. LaSota, who have all indicated that all defense counsel, the prosecutors, and the judge fully intend to proceed forward to trial on June 1, 2026.

### C. Continuance is warranted both in the interest of judicial economy and to protect Ms. LaSota's right to a fair trial.

#### 1. The considerable overlap between the Allegany County case and the federal case weigh in favor of continuance in the interest of judicial economy

The facts underlying Ms. LaSota's Motion to Suppress (ECF No. 30) are being actively litigated in the Circuit Court for Allegany County.  The Government is aware of this, as they have cited to testimony from Allegany County and requested that the Court deny Ms. LaSota's motion to suppress evidence obtained on February 16, 2025 without the benefit of an evidentiary hearing on the matter. *See* ECF 35 at 3, n.1. The list of individuals contained in ECF 44-3 are all individuals who would testify related to issues of suppression. Master Trooper Lechliter of the Maryland State Police was present and spoke with both Trooper Jeffries and Dispatcher Brian

---

[2] In the state case, all co-defendants have entered into a joint defense agreement. The Allegany County Circuit Court has allowed the co-defendants to meet together at Allegany County Detention Center with counsel present in order to discuss the case. They have done this on multiple occasions and believe it to be critical for mounting a defense in their case. Thus, perhaps the *only* reason the state trial might get postponed is if Ms. LaSota is transferred to Federal custody for the duration of the case before this Court, and thus unable to participate in the joint defense meetings in the state.

Crawford related to the call from Mr. Broadwater.  Additionally, he was present at the scene in the woods on February 16, 2025. Cpl. Derrick Pierce, Deputy Wesley Miller, Sgt. Christopher Hill, Deputy Tanner Clites, and Cpl. Joshua Gordon were all members of the Allegany County Sheriff's Department who reported to the scene in the woods on February 16, 2025. Ofc. Landon Broadwater, Cpl. David Breakall, Cpl. Erica Garver, and Sgt. Ethan Leonard were members of the Maryland Natural Resources Police who reported to the scene in the woods on February 16, 2025. All were present for the events which the Government argues in their response to Ms. LaSota's Motion to Suppress justified the seizure of Ms. LaSota and box trucks in this case. These witnesses would not be testifying to matters that are not related to Ms. LaSota's case.

Ms. LaSota does not argue that she is unable to call these witnesses to a motions hearing in this matter, but rather that given the overlap in these proceedings, judicial economy favors a continuance of the motions and trial in this matter. Indeed, by granting a continuance to allow the state motions proceedings to occur, counsel anticipates needing to call less witnesses at a motions hearing in the federal matter.

### 2. Ms. Zajko's anticipated testimony weighs in favor of a continuance in this matter

The Government argues that continuance is not warranted because of Ms. LaSota's imperfect analogy to severance. While Ms. LaSota analogized to severance in this matter, it is not a complete analogous for one simple reason – there is no concern here of weighing severance against the judicial economy of a single trial. *United States v. Ford,* 88 F.3d 1350, 1361 (4th Cir. 1996) ("For reasons of efficiency and judicial economy" courts generally favor trying co-defendants together); *United States v. Parodi,* 703 F.2d 768, 779 (4th Cir. 1983) ("Judicial economy and timeliness are likewise factors which the precedents declare are to be considered by the trial court in ruling on any motion for severance.").  A state and federal trial will occur

here regardless of the order in which they proceed.  Ms. LaSota believes she has satisfied the *Parodi* factors, especially in light of the lessened concern about separate or duplicate trials.

First, there is a *bona fide* need for Ms. Zajko's testimony in this case. Ms. LaSota maintains that she did not possess the weapons alleged in the indictment in this case. It is Ms. LaSota's strong belief that Ms. Zajko will provide testimony that Ms. LaSota never possessed the firearms that were recovered in this case. Ms. Zajko has stated definitively through counsel that she will testify for Ms. LaSota following the resolution of the case in Allegany County.  While the Government seeks to suggest that Ms. Zajko's testimony is theoretical – it is not. Ms. Zajko intends to "testify and subject herself to cross-examination" in this case "once her state jury trial is over, regardless of the verdict." ECF 44-2.  As the Government is well aware, the charges Ms. Zajko is facing in Allegany County arise out of the same search and seizure that resulted in the charges Ms. LaSota faces in federal court. *See* Exhibit 1. Because of the posture of the state court case, where a motion to suppress the search which resulted in the charges is still pending and where a jury trial is scheduled, counsel is unable to provide a more detailed statement of Ms. Zajko's testimony at this juncture.

While the Government does not address this, there is also a need for Ms. Zajko's testimony at the time of a motions hearing. The suppression motion in this case pertains to a seizure which occurred on February 16, 2025. Ms. Zajko was present at the time of the seizure, as well as at the time of a conversation with James Broadwater – whose call to police initiated the seizure in this case.

The Government then argues that, despite a letter from Ms. Zajko's attorney saying she will waive her Fifth Amendment privilege and testify, it does not believe she will do so because of pending charges in the District of Vermont and because of a prior letter sent to the Associated

Press. ECF 49 at 8. It is counsel's belief that Ms. Zajko is aware of the charges pending against her in the District of Vermont and nevertheless intends to testify on Ms. LaSota's behalf. Counsel has provided a copy of the Government's concerns to counsel for Ms. Zajko, Christopher Nieto, a lawyer who is experienced in both state and federal law. Mr. Nieto is meeting with Ms. Zajko today, March 4, 2026, and has indicated he will provide an update to confirm Ms. Zajko's willingness to testify as a defense witness for Ms. LaSota.

Ms. Zajko's prior public statements do not negate the likelihood that she will testify for Ms. LaSota in this matter. *See* ECF 49 at 7. First, the public letter was sent to the press in April 2025, shortly after Ms. Zajko's arrest in Allegany County. Second, in that letter, she expressed a refusal to testify against Youngblut because of a distrust of the system. Finally, as reported, she also expressed in that letter never having seen Ziz do an evil thing. This letter, which was written nearly a year ago and which has nothing to do with Ms. Zajko's willingness to testify for the defense, does not make it less likely that Ms. Zajko will testify. Indeed, a letter from her counsel of record nearly a year later is the more reliable source of her likelihood to testify.

While the Government states that it intends to prove possession of the firearms through forensic evidence, that does not mean Ms. Zajko's testimony would not be exculpatory. The evidence provided by the Government avers that Ms. Zajko's DNA was also present on the firearms recovered in this case. Further, forensic evidence will be challenged. The Government does not get to decide and is not privy to any colorable defense that Ms. LaSota can make at the time of trial.

The Court should grant this request for continuance, as Ms. Zajko's testimony will be a crucial part of Ms. LaSota's defense should this case proceed to trial and the absence of Ms. Zajko's testimony will be prejudicial. Ms. LaSota's request is timely, as it was made shortly after

the state court dates were moved and over two months prior to the start of trial in this matter. Judicial economy is not negatively affected by this continuance, as allowing the state trial to proceed first will allow counsel to narrow their witness list.

## CONCLUSION

For the foregoing reasons, as well as those in Ms. LaSota's initial Motion to Continue the Motions Hearing and Trial (ECF No. 44), Ms. LaSota's request for continuance should be granted.

Respectfully submitted,

_____/s/_____
Gary E. Proctor (Bar No. 27936)

_____/s/_____
Jennifer E. Smith (Bar No. 20767)
The Law Offices of Gary E. Proctor, LLC
8 E. Mulberry Street
Baltimore, Maryland 21202
(410) 444-1500 (tel.)
(443) 836-9162 (fac.)
garyeproctor@gmail.com
jennsmith0890@gmail.com
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 4, 2026, a copy of this motion was electronically filed with the Clerk of the Court and was served on all parties using CM/ECF system.

_____/s/_____
JENNIFER E. SMITH

9