**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **CRIMINAL NO. JKB-25-0176** |
| | ) | |
| **JACK LASOTA,** | ) | |
| | ) | |
| **Defendant** | ) | |
| | ) | |

**ORDER**

Upon consideration of the Government's Motion for Exclusion of Time from Speedy Trial Act Computations (the "Motion") and based on the facts and arguments provided in the Motion, the Court makes the following findings:

Under the provisions of the Speedy Trial Act, the Court may continue a defendant's trial beyond the 70-day period provided in 18 U.S.C. § 3161(c)(1) if the ends of justice served by such a delay outweigh the interests of the defendant and the public in a speedy trial.

Here, the Court recently appointed new counsel to represent the Defendant and ordered that counsel to determine by August 22, 2026, whether to persist in a previous filed competency motion. In addition, new counsel must then review discovery, determine whether additional pre-trial motions should be filed, and address either the resolution of the matter or trial strategy with her new client.

As such, trial within 70 days would deny counsel for Defendant and the attorney for the Government the reasonable time necessary for effective preparation. Therefore, the ends of justice served by such a delay outweigh the interests of Defendant and the public in a speedy trial, thereby satisfying the requirements of 18 U.S.C. § 3161(h)(7).

Therefore, it is hereby ORDERED that:

1. Pursuant to 18 U.S.C. § 3161(h), the Motion is GRANTED; and

2. The period from the filing of the Consent Motion to Exclude Time from Speedy Trial Act Computation until August 31, 2026, is hereby excluded in computing the time within which the trial in this matter must commence under the Speedy Trial Act.

August 6, 2026
Date

/S/ JAMES K. BREDAR
James K. Bredar
United States District Judge